### INHABITANTS OF MILFORD *vs.* BENJAMIN F. HOLBROOK.

The owner of a building, who has leased the lower story for shops, and portions of the upper story for various purposes, including one or two rooms to the town in which the building is situated, and has himself remained in possession of the residue thereof, is, in the absence of an express agreement with tenants to the contrary, responsible for the safety of an awning erected along the whole front of the building, for the benefit of the shops.

If in such case the owner has had due notice, he may be held liable to the town for damages which they have been compelled to pay to one who has suffered an injury by reason of the falling of the awning, through a defect; and the occupants of the shops need not be joined as defendants.

A notice by the town to such owner of an action brought against them to recover damages for an injury sustained "on the sidewalk in front of or near Union Block, so called, in M..ford," (that being the name of his building,) requesting him to defend the same, and stating that, if the town was liable, he was responsible to them, because the injury, if it

occurred, must have occurred through his negligence, sufficiently connects the defendant and his property with the alleged injury.

In such action by the town against such owner, after such notice, the verdict and judgment against the town are conclusive evidence of the existence of a defect in the highway, the injury to the individual while he was in the exercise of due care, and the amount of the injury.

Tort to recover of the defendant the amount recovered ot the plaintiffs by Cornelius T. Day, for an injury sustained by reason of a defect in and over a public sidewalk in Milford. The original case is reported in 5 Allen, 98.

At the trial in the superior court, before *Allen*, C. J., the plaintiffs contended that they were entitled to recover on the ground that the defendant was the owner of the building to which the awning, by the fall of which the injury was occasioned, was attached; and the following facts appeared: The awning was erected by the defendant along the entire front of a building owned by him, called Union Block, being attached to the building by boards and rafters, just above the row of windows in the first story, and supported by several iron rods fastened at the lower end in the curbstone of the sidewalk, within the limits of the highway. The awning was one entire structure of wood. The building was two stories high, having three shops in the lower story, fronting on the sidewalk, of about equal width, and extending back the whole depth of the building. Two of the shops were let to tenants, by written leases which contained no stipulation as to repairs; and the other, under a verbal agreement, and the evidence as to who should make the repairs was conflicting. There was an entrance and flight of stairs between two of the shops to the upper story, in which there was a hall and room connected therewith, another room occupied by the town for a public library, and a room which at the time of the injury had lately been occupied by a fire company belonging to the town. The hall was occasionally let by the defendant. The library room was let with no stipulation as to repairs. The fire company had paid rent quarterly for the room occupied by them, and had vacated the premises without any notice to the defendant to terminate their tenancy.

There was evidence tending to show that the awning was

built and maintained for the advantage of the shops, that signs were placed on the front edge thereof, and articles were suspended under the same ; that the occupant of one of the shops had also repaired and propped up the awning; that the defendant had paid for repairs of the awning ; and that he had also repaired the damages done to the shops by the fall of the awning, in breaking the windows, he contending that he did so merely to preserve his property.

The plaintiffs were allowed to introduce, under objection, the following notice, signed by their selectmen, and served by them upon the defendant, to defend the original action : " Sir : You are hereby notified that Cornelius T. Day, of Milford, has commenced an action against the inhabitants of the town of Milfor for damages alleged to have been sustained by him by reason of an injury alleged to have been sustained by him on the sidewalk in front of or near Union Block, so called, in Milford, by writ returnable before the next superior court for the county of Worcester, and you are hereby required to defend said action at your own expense and cost, because, if the defendants are liable at all, you are responsible to them, as the injury, if it occurred, must have occurred by your negligence; and, if you do not defend it, they will claim to be reimbursed by you if judgment is obtained against them therefor." The plaintiffs also showed that, within a day or two after the injury, the defendant knew of it, and of the place where it happened. The defendant did not appear and defend the original action, nor was he present at the trial thereof. The evidence was conflicting whether or not the plaintiffs made a demand of the defendant to pay to them the amount of the judgment recovered by Day, before the commencement of this action ; and the chief justice ruled that no such demand was necessary.

The defendant offered to prove that, if the awning was defective and unsafe, its condition had long been known to the town, and they had been requested to attend to it, but had neglected to do so, after notice that it was dangerous, and that its fall was caused by an extraordinary snow storm during the previous afternoon and evening, but the evidence was excluded.

The defendant asked the court to rule that he was not liable to keep the awning in repair, unless there was an agreement between him and the tenants to that effect; that unless he agreed to make repairs in the shops, the occupants of them were liable for the defective condition of the awning; that it was a question for the jury whether he had made such agreement; and that, if the plaintiffs occupied a part of the building without any agreement as to repairs, they could not maintain this action. The chief justice declined to make these rulings, and instructed the jury that the defendant was liable for the defective and dangerous condition of the awning, and was not exempt from repairs on the entire exterior of the building, including the awning, so far as to render it safe; that the notice to defend the original action was sufficient, and the verdict therein was binding on the defendant as to the existence of a defect in the highway, the injury to Day, while using due care, and the amount of such injury.

Evidence was introduced by the plaintiffs of several falls of snow on several days previous to the injury, and there was no evidence that the same had been shovelled off from the awning, at the time of its fall; whereupon the defendant asked the court to rule that the former verdict did not conclude the defendant as to whether the defect which caused the fall was its original insufficiency and weakness, or the accumulation of the snow upon it for several days prior to the accident, and, if the jury should find the latter to be the true cause of the defect, the defendant would not be liable unless guilty of negligence as to the existence of such cause; but the chief justice declined so to rule.

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*F. H. Dewey & H. B. Staples,* for the defendant. The awning was built for the benefit of the stores, was appurtenant to them, and was therefore included in the leases of the stores. The occupants of the stores are therefore liable for the damage caused by its fall. Taylor Land. & Ten. §§ 161, 178. *Lowell v. Spaulding,* 4 Cush. 277. *Boston* v. *Worthington,* 10 Gray, 496.

Such liability may be apportioned among them. *Lowell* v *Spaulding*, 4 Cush. 277. This case differs from *Kirby* v. *Boylston Market Association*, 14 Gray, 249, in several particulars. The defendant never agreed to keep the building in repair; he retained no general supervision over it; the occupancy of the several parts of it was not subordinate to him. A demand upon the defendant was necessary. *Lowell* v. *Short*, 4 Cush. 275. *Lowell* v. *Spaulding*, Ib. 277. *Furlong* v. *Leary*, 8 Cush. 409. The notice to defend the original action was insufficient, in not connecting the defendant or his property with the alleged injury. Actual negligence on the part of the town will prevent a recovery by them. *Lowell* v. *Boston & Lowell Railroad*, 23 Pick. 24. *Boston* v. *Worthington*, 10 Gray, 496. The former verdict does not settle the question as to the cause of the fall of the awning. If the accumulation of snow was the cause, the defendant is not liable. See cases above cited, and *Littleton* v. *Richardson*, 32 N. H. 59 ; *Coupland* v. *Hardingham*, 3 Camp. 398.

P. C. Bacon & P. E. Aldrich, for the plaintiffs.

HOAR, J. The principal question presented by the bill of exceptions is, whether the defendant was in such a sense the occupant of the building called Union Block, and the awning attached to it, as to be responsible for its defective and unsafe condition, and bound to indemnify the plaintiffs for the damages recovered against them by Day. The law applicable to the point has been very distinctly stated in several adjudged cases in this commonwealth ; and the only difficulty is in its application to the particular state of facts in proof. The rule is, that the occupier, and not the landlord, is bound, as between himself and the public, so far to keep buildings in repair that they may be safe for the public ; but if the landlord is bound by express agreement with the tenant to repair, the party injured by a defect or want of repair may have his action against the landlord in the first instance, to avoid circuity of action. *Lowell* v. *Spaulding*, 4 Cush. 277. *Boston* v. *Worthington*, 10 Gray, 496. *Kirby* v. *Boylston Market Association*, 14 Gray, 249. We are then to consider whether there were any such occupier of this awning, to the exclusion of the defendant, at the time the

damage occurred, as would exempt him from responsibility. And we think that the facts admitted and proved, although wanting some of the elements which governed the decision in *Kirby* v. *Boylston Market Association*, are sufficient to bring the case within the reason of that decision, and that the ruling at the trial was right.

The defendant owned the whole building, and all parts of it which were not leased to other persons remained in his own occupation. On the lower story were three shops, and a door-way and staircase leading to the rooms above. The awning was an entire structure, extending over the sidewalk across the whole front of the building. There was evidence that it was built and maintained for the advantage of the shops; but there was no evidence that it was expressly leased with them, or either of them. Certainly the part extending over the doorway leading to the upper story was used in connection with that, and would furnish protection and convenience to persons resort-ing to the upper rooms. One of those rooms was leased to the town for a public library, and another to a fire company. The hall and a room opposite were in the defendant's possession under the care of an agent, and let from time to time for tem-porary purposes. The town and fire company would of course have a right of passage by the stairs and entry in common with persons resorting to the hall, and with the defendant himself. There was obviously, therefore, no such leasing of the upper story to tenants as would exonerate the landlord from all respon-sibility for the whole building; nor, as we think, as would create any responsibility in the fire company or the town for the con-dition of the passages leading to the rooms which they hired. That responsibility remained with the general owner and partial occupant. And in view of all these facts, we think his liability for the awning is like that which he would be under for the con-dition of the roof, the eaves, the chimneys, or other parts of the building not appropriated to the exclusive use of any particular tenant, or to all of them to the exclusion of the landlord.

It would seem to make no difference in the result, whether the liability of the landlord, if it exists at all, is exclusive, or in

common with an equal one on the part of the lessees of the stores; because in an action of tort the nonjoinder of defendants is no defence.

The remaining exceptions do not seem to us well founded.

The notice to the defendant to take upon himself the defence of the former suit was sufficiently full and precise.

The instructions as to the effect of the former judgment were precisely in accordance with the rule given in *Boston* v. *Worthington,* above cited.

The plaintiffs were not *in pari delicto* with the defendant, and therefore the principle that one joint wrongdoer cannot have contribution against another had no pertinency. The only fault or negligence which could be imputed to the town, on the facts shown, was a failure to remedy the nuisance which the defendant had caused. This is no bar to their claim for indemnity. *Lowell* v. *Boston & Lowell Railroad,* 23 Pick. 24. *Lowell* v *Short,* 4 Cush. 275.

There was no need of submitting to the jury the question whether the defendant agreed to repair the awning, as he was rightly held to be liable without reference to such an agreement.

The evidence which was offered by the defendant and rejected, to prove that the fall of the awning was not caused by its own insufficiency, and that he was not chargeable with negligence, namely, that it was caused by an extraordinary fall of snow on the day and evening before, was inconsistent with the conclusive effect of the prior judgment on the question of the defect in the way. The only defect charged was an awning insufficient to sustain the weight of snow to which it might reasonably be expected to be exposed. It was the plaintiffs' duty to clear the awning when more snow was upon it than it could bear, unless the fall of snow was so extraordinary and sudden that no one would be responsible for it.  *Exceptions overruled*